IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JULIE R. STRINGER, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:11-CV-137 (MTT) |
| FORSYTH INNS, INC., and CHERYL TREADWELL, | ) ) ) ) |
|       Defendants. | ) ) |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). For the following reasons, the Motion is DENIED.

### I. Factual and Procedural Background

The Plaintiff, Julie Stringer, brings this action against the Defendants, Forsyth Inns, Inc. and Cheryl Treadwell, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206. (Doc. 1). In Count One, the Plaintiff alleges violations of the ADEA against only Defendant Forsyth Inns, Inc. In Counts Two and Three, the Plaintiff alleges violations of the FLSA and EPA against both Defendants.

On September 15, 2011, the Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging the Plaintiff failed to meet the pleading requirements of Federal Rule of Civil Procedure 8, and, therefore, the complaint fails to state a claim upon which relief could be granted. Specifically, the Defendants argue

that the Plaintiff did not provide factual support for the statements made in paragraphs 4 and 5 of her complaint.  Paragraph 4 states "Defendant Forsyth Inns, Inc. is an employer as defined by the ADEA, the FLSA and the EPA."  (Doc. 1 at ¶ 4).  Paragraph 5 states "Defendant Cheryl Treadwell is an employer as defined by the FLSA and EPA."  (Doc. 1 at ¶ 5).  The Defendants assert the complaint should be dismissed because these paragraphs contain impermissible legal conclusions without factual support.

## II. Discussion

In order to survive a motion to dismiss, a complaint does not need to contain "detailed factual allegations," but must "give the defendant[s] fair notice of what the … claim is and the grounds upon which is rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain specific facts to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Further, "at the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  And where there are dispositive

issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Here, the Defendants argue that the Plaintiff failed to allege sufficient facts establishing (1) that the Defendant Forsyth Inns, Inc., is an employer as defined by the ADEA, the FLSA, and the EPA and (2) that Defendant Cheryl Treadwell is an employer as defined by the FLSA and EPA. The ADEA limits the definition of employer to person having twenty or more employees. 29 U.S.C. § 630(b). Further, the FLSA's definition of employer is defined to "include any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).[1]

In her complaint, the Plaintiff alleges that she has exhausted all administrative remedies by filing the appropriate charge with the EEOC and receiving a notice of right to sue from the EEOC within the past 90 days. (Doc. 1 at ¶ 8). The complaint further states that "Defendant Forsyth Inns, Inc. is an employer as defined by the ADEA, the FLSA and the EPA," and "Defendant Cheryl Treadwell is an employer as defined by the FLSA and EPA." (Doc. 1 at ¶¶ 4,5). She also alleges that "Forsyth Inns, Inc. owns and operates several hotel properties in and around Forsyth Georgia" and that Cheryl Treadwell is the company's registered agent. (Doc. 1 at ¶ 2). The complaint contains several facts related to the Plaintiff's employment with the Defendants and several facts related to the specific elements of the ADEA, the FLSA, and the EPA claims she asserts against the Defendants. (Doc. 1).

---

[1] The FLSA's definition of employer is applicable to the Equal Pay Act.

For example, the elements of an ADEA prima facie case are (1) that the Plaintiff was part of a protected age group, (2) that the Plaintiff was adversely affected by an employment action, and (3) that the Plaintiff was qualified for her position, or alternatively, if the current position was eliminated, that the Plaintiff was qualified for another available job with that employer. *Early v. Champion Intern Corp.*, 907 F.2d 1077, 1082-83 (11th Cir. 1990). In the complaint, the Plaintiff alleges that she is a 50 year old female, which is an employee as defined by the ADEA, that she was fired from her job, and that another employee, a younger male, was not terminated. (Doc. 1). She alleges that the younger male essentially was hired to replace her because of the Plaintiff's age. (Doc. 1 at ¶ 18). The claims brought pursuant to the FLSA and the EPA are explained with similar factual specificity.

Although the Plaintiff does not specifically allege that Defendant Forsyth Inns, Inc. is an employer within the ADEA *because it employs twenty or more people*, this specificity is not necessary because the Plaintiff's complaint alleges several facts related to the specifics of the ADEA claims against Defendant Forsyth Inns, Inc. to give it fair notice of the claim and the factual grounds upon which the claim rests. Similarly, although the Plaintiff does not specifically allege the Defendants are employers within the FLSA and EPA *because they are people acting directly or indirectly in the interest of an employer in relation to an employee*, this specificity is not necessary because the Plaintiff's complaint alleges several facts related to the specific elements of the FLSA and EPA claims against the Defendants to give them fair notice of the claims and the factual grounds upon which the claims rest. The Plaintiff has satisfied the Rule 8 pleading requirements by stating facts sufficient to support a claim for relief under the

ADEA, FLSA, and the EPA against the Defendants.  Therefore, the Defendants' Motion to Dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) is DENIED. (Doc. 9).

    **SO ORDERED,** this 16th day of November, 2011.

                                    <u>S/ Marc T. Treadwell</u>
                                    MARC T. TREADWELL, JUDGE
                                    UNITED STATES DISTRICT COURT